UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Joseph Landa and Bronislawa Landa,   Civil No. 04-2970 (DWF/RLE)

          Plaintiffs,

v.   **MEMORANDUM OPINION AND ORDER**

Don and Elaine Rappel,
d/b/a Pine Acres Resort & Campground,

          Defendants.

---

James B. Peterson, Esq., and Tanna B. Schwarz, Esq., Falsani Balmer Peterson Quinn & Beyer, counsel for Plaintiffs.

Nicole R. Weinand, Esq., and Eric L. D. Hylden, Esq., Reyelts Leighton Bateman Hylden & Sturdevant Ltd., counsel for Defendants.

---

## Introduction

The above-entitled matter came on for hearing before the undersigned United States District Judge on June 21, 2005, pursuant to the Motion for Summary Judgment brought by Defendants Don and Elaine Rappel, d/b/a Pine Acres Resort & Campground (collectively "Defendants"). Specifically, Defendants request that the Court dismiss the negligence and loss-of-consortium claims brought by Plaintiffs Joseph and Bronislawa Landa (collectively "Plaintiffs"). For the reasons outlined below, the Court denies Defendants' Motion for Summary Judgment.

## Background

Plaintiffs' family stayed at Defendants' resort at Pine Acres ("the Resort") in 1999, 2000, 2001, and 2003. Generally, Plaintiffs would leave their home in Chicago, Illinois, on a Friday afternoon

in the summer and then drive to the Resort, arriving at the Resort on Saturday morning. While visiting the Resort, Plaintiffs' family would camp and fish. They would also usually swim in the Resort's swimming area.

The Resort's swimming area includes a dock in the shape of the letter "L" and a small beach. The dock extends straight out from the beach area and then juts right. At the far end of the dock is a set of stairs leading up to a platform that sits two feet above the water. A rope runs from the platform to a floating platform. The area between the dock and the beach has a sandy bottom. Defendants bring in sand fill for the swimming area every summer.

The parties dispute the depth of the water within the swimming area as of late July 2003. All parties appear to agree that the water in the beach area at its height is anywhere from waist- to chest-deep on an adult male. The parties also agree that the lake becomes deeper as one moves away from the shore and towards the floating platform.

On July 28, 2003, Plaintiffs and their family went to the Resort's swimming area in the late afternoon. Joseph Landa sat on the lower deck dangling his legs in the water until he decided to take a swim. He took a few steps to the top of the raised platform and dove into the water headfirst. Plaintiffs appear to contend that he dove toward the shore, but not directly into the enclosed swimming area. Defendants assert that he dove straight toward the shore. Joseph Landa struck the bottom of the lake, fracturing his spinal cord.

Defendants' witnesses state that the bottom of the lake is clearly visible in the area between the dock and the shore. These witnesses assert that the water in that area is roughly waist-deep. Plaintiffs

contend that the water is chest-deep in some areas near the shore and that they have seen other guests, including Defendants' children, diving from the raised platform toward the shore.

Joseph Landa brought this suit against Defendants alleging that Defendants were negligent in maintaining the Resort's swimming area, failing to prevent guests from diving into the swimming area, and failing to warn guests of the dangerous condition posed by the shallow water. Bronislawa Landa has brought a claim against Defendants for loss of society and companionship with her husband.

Defendants bring this Motion for Summary Judgment asserting that they did not owe Plaintiffs a legal duty because the danger and risk of harm associated with diving head first into shallow water is both well-known and obvious to reasonable persons. Defendants also seek dismissal of Bronislawa Landa's claim because it is derivative of the negligence claim.

## Discussion

### I.    Motion for Summary Judgment

#### A.    Standard of Review

Summary judgment is proper if there are no disputed issues of material fact and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c). The court must view the evidence and the inferences that may be reasonably drawn from the evidence in the light most favorable to the nonmoving party. *See Enter. Bank v. Magna Bank of Missouri*, 92 F.3d 743, 747 (8th Cir. 1996). However, as the Supreme Court has stated, "[s]ummary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy, and inexpensive determination of every action.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986) (quoting Fed. R. Civ. P. 1).

The moving party bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *See Enter. Bank*, 92 F.3d at 747. The nonmoving party must demonstrate the existence of specific facts in the record which create a genuine issue for trial. *See Krenik v. County of Le Sueur*, 47 F.3d 953, 957 (8th Cir. 1995). A party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials, but must set forth specific facts showing that there is a genuine issue for trial. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986); *Krenik*, 47 F.3d at 957.

### B. Negligence Claim

In order to establish a negligence claim, Plaintiffs must establish that: (1) Defendants had a duty of care towards Plaintiffs; (2) Defendants breached that duty; (3) Defendants' breach of duty was the proximate cause of Plaintiffs' injuries; and (4) Plaintiffs suffered an injury. *Hudson v. Snyder Body, Inc.,* 326 N.W.2d 149, 157 (Minn. 1982). An individual that holds his or her property out to the public has a duty to use reasonable care to protect the public from injury from causes reasonably to be anticipated. *Hanson v. Christensen,* 145 N.W.2d 868, 874 (Minn. 1966). The test at common law for determining the existence of a duty is the probability or foreseeability of injury to the plaintiff. *Id.* A duty to exercise reasonable care does not extend to situations in which the risk of harm is "obvious or known to the complaining party." *Lawrence v. Hollerich,* 394 N.W.2d 853, 855 (Minn. Ct. App. 1986). However, a landowner does have a duty to entrants in those cases where the landowner should anticipate the harm despite the obviousness of the risk. *Id.*

Defendants contend that the shallow water that Joseph Landa dove into was an open and obvious danger. Defendants claim that Joseph Landa knew the depth of the water in the swimming

4

area because he could see the bottom of the lake and because he had been in the swimming area in the past.  Defendants also assert that Joseph Landa was aware of the risks associated with diving into shallow water.  In addition, Defendants deny that they had any reason to anticipate that Joseph Landa would not appreciate the risks involved in diving into the swimming area.  Defendants assert that they were not aware of any previous injuries resulting from resort patrons diving or jumping into the swimming area.  Moreover, Defendants point to the fact that several resort patrons who were witnesses to this incident stated that no reasonable person would have believed that diving into the swimming area was safe.

In contrast, Plaintiffs contend that Joseph Landa did not appreciate the risks involved in diving into the swimming area.  Plaintiffs acknowledge that Joseph Landa was aware of the general risks associated with diving into shallow water, but that he believed that there were areas of the lake where he could safely dive.  Plaintiffs contend that Joseph Landa had seen his own children and Defendants' son safely diving into the lake.  Plaintiffs also assert that Joseph Landa believed that portions of the swimming area were five- to six-feet deep.

Plaintiffs also contend that Defendants should have anticipated that resort patrons would not appreciate the risks involved in diving into the swimming area.  Plaintiffs assert that Defendants were aware of the fact that resort patrons were diving into the swimming area.  Plaintiffs also contend that Defendants were aware of the fact that diving into the swimming area was a dangerous activity.  In light of Defendants' knowledge of this practice, Plaintiffs contend that Defendants had a duty to warn resort patrons of the danger of diving into the swimming area.

The Court finds that because genuine issues of material fact exist in this case, summary judgment is not appropriate. The first issue is whether the danger was open and obvious. Joseph Landa has testified that the depth of the lake bottom varies significantly from one area to the next and that he believed that he was diving into water five- to six-feet deep. Defendants contest each of those assertions. In addition to reviewing the deposition testimony, the Court had the opportunity to view photos of the swimming area. However, the photos were inconclusive as to the openness or obviousness of the danger. As a result, the Court finds that the openness and obviousness question is one appropriately left to a jury.

The second issue is whether Defendants should have taken precautions in light of the danger posed by diving into the swimming area. Defendants run a resort that includes a dock and swimming area. The dock extends out into the lake and includes a raised platform. Over the years, resort patrons and Defendants' own son dived from both the dock and the raised platform into the area surrounding the dock. All of these factors indicate that Defendants should have anticipated that a resort patron might dive from the dock and into the swimming area. Accordingly, the question of whether Defendants should have posted signs warning of the danger of diving into the swimming area is a question for the jury.[1]

**Conclusion**

Although the Court finds that summary judgment is not appropriate, the Court must observe that the allocation of fault will be a close and difficult call for a jury to make, based upon the record

---

[1] Bronislawa Landa's loss of society and companionship claim survives because it is derivative of Joseph Landa's negligence claim.

before this Court, notwithstanding the serious injuries that Joseph Landa has suffered. Therefore, the Court believes it may be in the best interests of the parties to negotiate a resolution of this dispute among themselves. As the parties are already aware, Magistrate Judge Raymond L. Erickson is available to assist in the negotiation of a settlement should the parties find such services helpful. If the Court may be of assistance in this matter, the parties should contact Lowell Lindquist, Calendar Clerk for Judge Donovan W. Frank at 651-848-1296, or Vicki Miller, Calendar Clerk for Magistrate Judge Raymond L. Erickson at 218-529-3520.

For the reasons stated, **IT IS HEREBY ORDERED:**

1. The Motion for Summary Judgment (Doc. No. 14) brought by Defendants Don and Elaine Rappel, d/b/a Pine Acres Resort & Campground, is **DENIED.**

Dated:  July 26, 2005                                  s/Donovan W. Frank
                                                                    DONOVAN W. FRANK
                                                                    Judge of United States District Court